THE MOOCK ELECTRIC SUPPLY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96284. Promulgated May 21, 1940.

*Wendell Herbruck*, Esq., and *Albert B. Arbaugh*, Esq., for the petitioner.

*DeWitt M. Evans*, Esq., *W. W. Kerr*, Esq., and *Thomas F. Callahan*, Esq., for the respondent.

OPINION.

OPPER: In 1931 The George D. Harter Bank of Cleveland, Ohio, closed its doors. In 1932 the bank reopened under an agreement of the type now familiar, whereby certain of its assets were segregated in a subsidiary corporation and depositors agreed to look to the latter for satisfaction of a portion of their claims. Petitioner, as a depositor in the bank, accepted the new arrangement and received for its $50,000 certificate of deposit in the bank a partially restricted deposit claim of 65 percent and a "certificate of participation" against the subsidiary corporation for the remaining 35 percent. It is stipulated that at that time this certificate had a fair market value of 10 percent of its face.

In 1935, petitioner sold this certificate for about 30 percent of its face amount and claimed the difference as a loss, limited to $2,000 by the capital loss provisions.

Respondent disallowed the deduction and charged petitioner with income representing the difference between the fair market value of the certificate in 1932 and the amount realized in 1935. The deficiency resulting is the subject of this controversy.

Although petitioner has filed no brief, its position at the hearing was that the certificate was received in 1932 in a nontaxable reorganization; that gain or loss thereon was postponed until disposition or some other identifiable event created a taxable result; and that that occurred in 1935 when the certificate was sold.

Respondent's position continues to be that taken in the deficiency notice, that since petitioner could have taken a deduction in 1932 representing the difference between the original deposit and the value of what was then received, considering the participation certificate to be worth 10 percent of its face, it can not take the deduction in 1935 upon the sale.

It is not clear whether respondent's contention is that the loss in 1932 proceeded from a sale or exchange, in relinquishing the old obligation and accepting the new, or from ascertainment of the worthlessness of a debt. If the former, he must be met by the holding in *Charles T. Carlson*, 39 B. T. A. 185, 190, that such a transaction was not a sale or exchange. That case presented facts identical with those at bar, with the possible exception that here the new obligation was partly that of the bank's subsidiary. But respondent's counsel expressly disclaimed reliance upon any such distinction at the hearing; it was made clear that it did not make any difference in his contention "that this certificate of participation was issued by a theoretically different entity than the original bank." And even assuming, contrary to the *Carlson* case, that this could be a sale or exchange, the claim would seem to be subject to disallowance at that time by reason of the tax-postponing effect of section 112. *Edith M. Greenwood*, 41 B. T. A. 664.

On the hypothesis of a bad debt it may be assumed that, if this petitioner had determined to deduct a part of the original deposit in 1932, it would have been permitted to do so under the *Carlson* case. But on this assumption, the consideration which respondent apparently overlooks is that that claim would manifestly have been based upon partial and not complete worthlessness. At least 75 percent of the original obligation was apparently collectible and clearly no deduction based upon that portion of the debt would have been permitted. And nothing seems to be better settled than that partial worthlessness, as distinguished from total uncollectibility, is a ground for deduction which may be pursued or relinquished by a taxpayer entirely at his option. If he fails to take a deduction for partial worthlessness in any year, it does not have the effect of foreclosing him from a reliance upon different developments at another time. *Blair* v. *Commissioner*, 91 Fed. (2d) 992 (C. C. A., 2d Cir.) ; see *American Cigarette & Cigar Co.* v. *Bowers*, 92 Fed. (2d) 596 (C. C. A., 2d Cir.) ; *Freeman-Dent-Sullivan Co.* v. *United*

1212

*States*, 21 Fed. Supp. 972; G. C. M. 18525, 1937–1 C. B. 80, 82. Total worthlessness or disposition of the obligation remained open to this petitioner as a ground for deduction, notwithstanding the possibility that partial worthlessness may have appeared in an earlier year.

For that reason it seems unnecessary to resort to cases which consider whether a deduction for partial worthlessness might be taken, if claimed, or to attempt to analyze the present facts in the light of such cases. Cf. *Eastern New Jersey Power Co.*, 37 B. T. A. 1037, with *Charles T. Carlson, supra.* It suffices that the present transaction does not show a taxable sale or exchange in a prior year; nor a debt deductible only at such earlier time. The disposition of the obligation being claimed now as a sale and the operation thereon of the capital loss limitations having been recognized and accepted by the petitioner, the deficiency was erroneously determined.

*Decision will be entered under Rule 50.*